UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0260 (PJS/JJK) |
| | Case No. 12-CV-1161 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| GUSTAVO VILLA-MALDONADO, | |
| Defendant. | |

Gustavo Villa-Maldonado, pro se.

Clifford B. Wardlaw, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Gustavo Villa-Maldonado pleaded guilty to one count of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On March 21, 2011, the Court sentenced Villa to 37 months' imprisonment and 3 years of supervised release. The Eighth Circuit affirmed Villa's sentence on December 30, 2011. *See United States v. Villa-Maldonado*, 445 Fed. App'x. 903, 905 (8th Cir. 2011) (unpublished).

This matter is before the Court on Villa's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Villa seeks relief on the grounds that his counsel, Reynaldo Aligada, was ineffective for failing to seek a downward departure based on Villa's willingness to waive his right to contest deportation and stipulate to a deportation order as a condition of his supervised release.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have

been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  In reviewing ineffective-assistance claims, a court must be careful to avoid second-guessing counsel's strategic decisions:  "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  *Id.* at 689.

Under Eighth Circuit precedent, a defendant who waives his right to contest deportation may be eligible for a downward departure under U.S.S.G. § 5K2.0.  *See United States v. Jauregui*, 314 F.3d 961, 963 (8th Cir. 2003) ("[A] sentencing court may grant a downward departure under U.S.S.G. § 5K2.0 for a defendant's willingness to waive resistance to deportation . . . ." (internal quotations omitted)); *see also United States v. Cruz-Ochoa*, 85 F.3d 325, 325-26 (8th Cir. 1996) (holding that district courts may depart downward "on the basis of defendant's waiver and consent to administrative deportation").  But the Eighth Circuit has emphasized that a defendant is not entitled to a departure as a matter of right; rather, the defendant "must demonstrate a colorable, non-frivolous defense to deportation and show a waiver of that defense would substantially assist the administration of justice."  *United States v. Ramirez-Marquez*, 372 F.3d 935, 938 (8th Cir. 2004).

As an initial matter, the Court doubts that Aligada's representation of Villa fell below an objective standard of reasonableness simply because he failed to move for a departure on this ground.  *See United States v. Sera*, 267 F.3d 872, 874-75 (8th Cir. 2001) (holding that counsel's failure to move for a departure based on the defendant's waiver of his right to contest deportation did not amount to ineffective assistance).  At Villa's sentencing, Aligada moved for a downward variance as well as a downward departure on three separate grounds, including on the ground that

the lack of a "fast-track" program in this District created an unwarranted disparity between illegal-reentry sentences in this District and illegal-reentry sentences in districts that had adopted such programs.  Under these circumstances, the fact that Aligada did not *also* argue for a departure on a *fourth* ground does not mean that Villa received constitutionally defective representation.  *See id.* at 875 (observing that counsel's strategy of not diverting the sentencing court's attention with additional arguments was reasonable).

Even assuming that Aligada should have moved for a departure on this ground, Villa suffered no prejudice from this error.  To begin with, Villa does not appear to have been *eligible* for a departure on this ground, as there is no evidence that he had a "colorable, non-frivolous defense to deportation" that he could have waived.  *Ramirez-Marquez*, 372 F.3d at 938.  To the contrary, Villa was previously convicted of felony drug trafficking — an aggravated felony under the immigration laws, *see* 8 U.S.C. § 1101(a)(43) — and, therefore, was "conclusively presumed to be deportable from the United States."  8 U.S.C. § 1228(c).  Moreover, even if Villa were *eligible* for a departure on this ground, the Court would have denied his departure motion for the same reasons that it denied his motion for a downward variance — and, in particular, because a sentence below 37 months' imprisonment would not be sufficient to deter Villa from again violating the immigration laws.  *See Jauregui*, 314 F.3d at 963 ("[T]he decision to depart or not is soundly within the district court's discretion." (internal quotations omitted)).  In 2004, Villa was convicted of illegally reentering the United States after being deported and sentenced to 30 months in federal prison.  This Court felt strongly that, when a 30-month sentence had proven ineffective in deterring Villa from again violating the immigration laws, a departure or variance below 37 months was not warranted under 18 U.S.C. § 3553(a).

Because Villa was not in any way prejudiced by his counsel's failure to move for a departure based on his willingness to waive his right to contest deportation, Villa did not receive ineffective assistance. Villa's § 2255 motion is therefore denied.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Gustavo Villa-Maldonado's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [Docket No. 33] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 6, 2012                                         s/Patrick J. Schiltz
                                                            Patrick J. Schiltz
                                                            United States District Judge

---

[1] As the motion and the files and records of this case conclusively show that Villa is not entitled to relief, no evidentiary hearing is necessary. See 28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).